**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

FILED
at____O'clock &____min.____M
APR 0 9 2008
United States Bankruptcy Court
Columbia, South Carolina (41)

ENTERED
APR 0 9 2008
N.S.

| IN RE: | C/A No. 08-00833-JW |
|---|---|
| Michelle Lynn Grice, | Chapter 13 |
| Debtor(s). | AMENDED ORDER |

This matter comes before the Court on Debtor's objection to a charge of attorney's fees associated with the filing of a stay relief motion,[1] which was included in the proof of claim of First Federal Savings & Loan Association of Charleston ("First Federal").  By separate judgment, the Court denied First Federal's motion for reasons stated at the hearing on the motion, which included the fact that First Federal was adequately protected by its security interest and the motion appeared to be premature since it was filed three days after Debtor filed her petition and chapter 13 plan.

At the hearing on the motion for relief from stay, Debtor contested First Federal's right to claim attorney's fees for bringing the stay relief motion.[2] The Supreme Court has recently held a creditor may be entitled to attorney's fees for litigating issues of bankruptcy law; however, such fees must be authorized by contract or state statute. See Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co., ___ U.S. ___, 127 S.Ct. 1199, 1203-1204, 167 L.Ed.2d 178 (2007) (overruling the Ninth Circuit's "Fobian rule," which disallowed fees associated with the litigation of bankruptcy issues).  11 U.S.C. § 506(b) also conditions the allowance of such

---

[1] First Federal moved for stay relief on grounds that Debtor would be unable to make her proposed plan payments in this case since she was relying on income from her boyfriend to fund the proposed plan. First Federal did not allege that Debtor is in default of her post-petition obligations to First Federal, and Debtor's counsel stated that Debtor is current on her post-petition obligations. Debtor has proposed a chapter 13 plan, which acknowledges that Debtor defaulted in her obligations to pay First Federal prior to the petition but proposes to cure the outstanding arrearage owed to First Federal.

[2] First Federal sought payment of these post-petition attorney's fees in its proof of claim, which included charges in the amount of $1,075.00. To the extent that this Order impacts on the allowance of First Federal's claim, the parties expressly agreed to waive Fed. R. Bankr. P. 3007.

fees incurred post-petition but prior to confirmation on such fees being reasonable and the creditor being over-secured.[3] See 11 U.S.C. § 506(b); Rake v. Wade, 508 U.S. 464, 468, 113 S.Ct. 2187, 124 L.Ed.2d 424 (1993); United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

First Federal bears the burden of demonstrating that post-petition fees and costs are reasonable. See In re Sanchez, 372 B.R. 289, 303 (Bankr. S.D. Tex. 2007). The stay relief motion was filed three days after the petition and plan were filed and First Federal was over-secured, according to its certification of facts, by more than $40,000.00. First Federal failed to present sufficient evidence that the filing of the stay relief motion was a reasonable measure to protect its rights under its contract with Debtor and, considering the equity in the property and Debtor's post-petition performance under the contract, the filing of the motion appeared to be unreasonable. See In the Matter of Nicfur-Cruz Realty Corp., 50 B.R. 162, 169 (Bankr. S.D.N.Y. 1985) (finding it inherently unreasonable to ask a debtor to reimburse attorney's fees incurred by a creditor that are not cost-justified); In re Reposa, 94 B.R. 257, 261-262 (Bankr. D.R.I. 1988) (finding it unreasonable for a creditor to vigorously pursue stay relief early in a case when the creditor was clearly over-secured). Additionally, First Federal failed to produce evidence indicating the nature of the work performed, the time spent, or the amounts charged by its attorneys for representing it post-petition. See In re Jones, 366 B.R. 584, 595 (Bankr. E.D. La. 2007) (denying a creditor pre-confirmation attorney's fees when it failed to produce evidence to support such fees); In re Simmons, C/A No. 06-01566-W, slip op. (Bankr. D.S.C. Mar. 2, 2007) (denying a debtor's attorney certain fees absent evidence of the reasonableness of such fees). Therefore, the Court finds that First Federal is not entitled to post-petition attorney's fees associated with the filing of the 362 motion in this matter because the fees appear to be

---

[3] There is no dispute that First Federal is over-secured.

unreasonable and First Federal has otherwise failed to meet its burden of proof.[4] See In re Rathe, 114 B.R. 253, 256 (Bankr. D. Idaho 1990) (denying a creditor attorney's fees incurred in bringing a failed motion to lift the automatic stay).

First Federal has also not demonstrated that it has a contractual right to collect attorney's fees for bringing either the stay relief motion or the objection to confirmation of Debtor's proposed plan. A copy of Debtor's promissory note with First Federal is attached to First Federal's proof of claim. The promissory note provides that First Federal may recover its costs and expenses, including reasonable attorneys' fees, if it is entitled to require Debtor to immediately pay First Federal in full. First Federal's right to payment in full is conditioned upon Debtor's "default," which is defined by the promissory note as Debtor's failure to pay First Federal in full each month.

First Federal has not demonstrated a default by Debtor that would entitle it to fees under the terms of its promissory note. It appears from the evidence presented that Debtor is current in her post-petition obligations to First Federal. Under the circumstances of this case, it also does not appear to be proper under the Bankruptcy Code to charge Debtor for fees and costs associated with the 362 motion based upon any pre-petition default. In re Jones, 366 B.R. at 600 ("The filing of a bankruptcy is supposed to be a respite for a debtor, allowing time for reorganization. It stops the accrual of unnecessary fees and costs as well as additional interest and charges on past due amounts in an effort to allow debtors a fresh start."). As observed in Rake, the filing of a chapter 13 bankruptcy splits First Federal's claim into two accounts whereby Debtor is allowed to cure the outstanding arrearage over time and make post-petition payments to First Federal pursuant to the terms of the plan. See Rake, 508 U.S. at 473. Debtor

---

[4] The Court presumes that a portion of First Federal's attorney's fees may have been attributable to filing an objection to confirmation of Debtor's plan. However, there is insufficient evidence linking the fees at issue to that objection and, for the reasons stated herein, First Federal does not appear to have a contractual right to presently assess these fees under the parties' agreement.

has exercised her statutory right to cure any pre-petition default in payment under the terms of a proposed chapter 13 plan. See 11 U.S.C. § 1322(b)(3) and (5). The effect of 11 U.S.C. § 1322(b)(5) is to abrogate a creditor's "contractual rights arising from the [pre-petition] default" including the right "to declare all payments due and payable, accelerate the debt, possess the property,... and foreclose on the property...." See Rake, 508 U.S. at 473, fn. 9. Since First Federal may not assert a default at this point based solely upon Debtor's pre-petition failure to pay, First Federal may not base its post-petition fees on any pre-petition default.

Based upon the foregoing, Debtor's objection to First Federal's attorney's fees is sustained and First Federal shall not be entitled to collect from Debtor or property of Debtor's estate the attorney's fees sought in bringing the motion for relief from the automatic stay.[5]

*John E Waites*
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
April 9, 2008

---

[5]   First Federal's proof of claim indicates that First Federal has alleged a claim of $1,075.00 for post-petition attorney's fees and therefore, with the disallowance of this amount, First Federal's claim amount appears to be $110,043.92, which is comprised of an arrearage claim in the amount of $8,986.12.